UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x

THE CITY OF NEW YORK,

                Plaintiff,

        v.

PRICEPOINT DISTRIBUTORS INC. d/b/a Pricepoint NY d/b/a pricepointny.com, WEIS KHWAJA, HAMZA JALILI, JOHN DOES 1-5, and JOHN DOE CORPORATIONS 1-5,

                Defendants.

―――――――――――――――――――――――x

No. 2:24 cv 07662 (JMW)

**ORDER ON CONSENT**

      **WHEREAS**, on November 7, 2024, the City of New York (the "City") commenced an action against Pricepoint Distributors Inc. d/b/a Pricepoint NY d/b/a pricepointny.com, Weis Khwaja, Hamza Jalili, John Does 1-5, and John Doe Corporations 1-5, captioned *The City of New York v. Pricepoint Distributors Inc. d/b/a Pricepoint NY d/b/a pricepointny.com, Weis Khwaja, Hamza Jalili, John Does 1-5, and John Doe Corporations 1-5*, (the "Action");

      **WHEREAS**, the complaint in the Action sets forth allegations by the City that Pricepoint Distributors Inc. d/b/a Pricepoint NY d/b/a pricepointny.com, Weis Khwaja, Hamza Jalili, John Does 1-5, and John Doe Corporations 1-5 (the "Pricepoint Defendants") have violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375, *et seq*.; the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*., New York Public Health Law § 1399-*ll* ("PHL §1399-*ll*"), and New York City Administrative Code § 17-715 ("Ad. Code § 17-715 ") by reason of their sales of e-cigarettes into New York City;

      **WHEREAS,** the Pricepoint Defendants agree to enter into this Order on Consent ("Consent Order") to provide the relief specified herein and to provide an assurance to the City of New York of the Pricepoint Defendants' compliance with respect to the distribution and sale of e-cigarettes, and that the Pricepoint Defendants will not engage in any Transaction (defined *infra*) with any entity located in the City of New York or intended to be delivered into New York City that involves any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system using a characterizing flavor;

**WHEREAS,** the City and the Pricepoint Defendants recognize, and the Court by entering this Consent Order so finds, that this Consent Order has been negotiated in good faith, will avoid litigation and is fair, reasonable, and in the public interest;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned parties, as follows:

## DEFINITIONS

1. For purposes of this Consent Order:

    a. *Electronic nicotine delivery system.* The term "electronic nicotine delivery system" (or "ENDS") shall have the meaning set forth in 15 U.S.C. § 375(7), except that the term shall exclude (i) aerosolizing apparatuses, devices, batteries, cartridges, pods, hardware, and the like that do not contain any e-liquid and (ii) products that contain a solution that is intended to be aerosolized but which solution does not contain any natural or synthetic nicotine.

    b. *E-cigarette.* The term "e-cigarette" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    c. *Vapor products.* The term "vapor products" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    d. *Characterizing flavor, flavored e-liquid, and flavored e-cigarette.* The terms "characterizing flavor," "flavored e-liquids" or "flavored e-cigarette" shall have the meaning set forth in N.Y.C. Ad. Code § 17-713.

    e. *Parties.* The term the "Parties" shall mean collectively the City of New York and the Pricepoint Defendants.

    f. *Pricepoint Defendants.* The term "the Pricepoint Defendants" shall mean collectively Pricepoint Distributors Inc. d/b/a Pricepoint NY d/b/a pricepointny.com, Weis Khwaja, and Hamza Jalili,

    g. *Prohibited Product.* The term "Prohibited Product" shall mean any electronic cigarette, "vape," e-liquid, vapor product, electronic nicotine delivery system e-liquid or flavored e-cigarette which contains a characterizing flavor prohibited pursuant to N.Y.C. Ad. Code § 17-715

    h. *Transaction.* The term "Transaction" shall mean any agreement, exchange, sale, or contract between Pricepoint Defendants and any third party.

## COMMITMENTS BY THE PRICEPOINT DEFENDANTS

2. The Pricepoint Defendants shall not participate, directly or through an employee, agent, representative, or affiliate, in any Transaction of any kind which involves the sale, delivery, or other disposition of any Prohibited Product in or into the City of New York.

3. The Pricepoint Defendants shall not obtain any revenue for themselves or for any other person, directly or through an employee, agent, representative, or affiliate, from any Transaction of any kind that involves the sale, delivery, or other disposition of any Prohibited Product in or into the City of New York.

4. The Pricepoint Defendants shall not either directly or through an employee, agent, representative, or affiliate, participate in any Transaction that the Pricepoint Defendants know or reasonably should know is intended to transport or deliver into the City of New York any Prohibited Product.

5. Within 7 days from the effective date of this Consent Order the City will dismiss the Action with prejudice. The parties agree that the Court will retain jurisdiction over the Action, including for the purposes of enforcing this Consent Order.

6. Upon execution by the Pricepoint Defendants of this Consent Order, the City shall fully and completely waive, release, and forever discharge the Pricepoint Defendants and each of its parents, subsidiaries, predecessors, successors, assigns, owners, members, current and past directors, officers, managers, partners, agents, attorneys, administrators, executors, employees, and representatives (collectively, the "Pricepoint Defendant Releasees"), from any and all claims, actions, causes of action, damages, attorney's fees, allegations, demands, and any and all claims of any kind or appeals of any kind, whether arising at law or in equity, which the City may have, may now have, or may hereafter have against any of the Pricepoint Defendant Releasees arising from or related to any state of facts existing or arising up to the date of entry of this Consent Order, including, but not limited to, the claims that the City has brought or could have brought in the Action (the "Release"). The City intends by this provision to forever remise, acquit, waive, release, and discharge the Pricepoint Defendant Releasees of and from all potential claims and demands for injuries, losses, or damages, known or unknown, direct or indirect, arising from or related to the Action or claims arising from or related to any state of facts existing or arising up to the date of entry of this Consent Order that could have been brought in the Action. For the avoidance of doubt, the Release is inapplicable to and does not release any matter based on facts arising subsequent to the date of entry of this Consent Order.

7. In the event that the City of New York provides the Pricepoint Defendants with evidence that the Pricepoint Defendants more probably than not have engaged in a Transaction that involved the sale, delivery, or disposition of any Prohibited Product to any entity located within the City of New York in violation of the terms of Sections 2, 3, or 4 of this Consent Order, the Pricepoint Defendants shall, upon demand by the City, pay to the City a penalty in the amount of $1,000.00 for each individual item meeting the definition of a Prohibited Product.

8. The Pricepoint Defendants expressly agree and acknowledge that the City of New York may initiate a subsequent investigation, civil action, or proceeding to enforce this Consent Order and agrees and acknowledges that in such event:

    a. any statute of limitations or other time-related defenses shall be tolled from and after the effective date of this Consent Order;

    b. any civil action or proceeding must be adjudicated by a court sitting within the State of New York, and the Pricepoint Defendants irrevocably and unconditionally waive any objection based upon personal jurisdiction, inconvenient forum, or venue; and

    c. if a court of competent jurisdiction determines that the Pricepoint Defendants have violated the Consent Order, the Pricepoint Defendants shall pay to the City of New York the reasonable cost, if any, of obtaining such determination and of enforcing this Consent Order, including without limitation attorney's fees, expenses, and court costs.

9. All terms and conditions of this Consent Order shall continue in full force and effect on any successor, assignee, alter ego or transferee of the Pricepoint Defendants. The Pricepoint Defendants shall include in any such successor, assignment, or transfer agreement a provision that binds the successor, assignee or transferee to the terms of the Consent Order. No party may assign, delegate, or otherwise transfer any of its rights or obligations under this Consent Order without the prior written consent of the City of New York.

10. Any failure by the City of New York to insist upon the strict performance by the Pricepoint Defendants of any of the provisions of this Consent Order shall not be deemed a waiver of any of the provisions hereof, and the City of New York, notwithstanding that failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Consent Order to be performed by the Pricepoint Defendants.

11. Unless a term limit for compliance is otherwise specified within this Consent Order, the Pricepoint Defendants' obligations under this Consent Order are enduring. Nothing in this Consent Order shall relieve the Pricepoint Defendants of other obligations imposed by any applicable local, state, or federal law or regulation or other applicable law.

12. Nothing contained herein shall be construed to limit the remedies available to the City of New York in the event that the Pricepoint Defendants violates the Consent Order after its effective date.

13. This Consent Order shall not grant any rights or privileges to any person or entity who is not a party to this agreement, nor shall this Consent Order affect or limit in any way the rights of any such third party.

14. In the event that any one or more of the provisions contained in this Consent Order shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, in the sole discretion of the City of New York, such invalidity, illegality, or unenforceability shall not affect any other provision of this Consent Order.

15. This Consent Order shall be governed by the laws of the State of New York without regard to any conflict of laws principles.

16. The Consent Order and all its terms shall be construed as if mutually drafted with no presumption of any type against any party that may be found to have been the drafter.

[Remainder of this page intentionally left blank]

Dated: May 15, 2025
       New York, New York

| | |
|---|---|
| **MURIEL GOODE-TRUFANT** | By: *Dov Seewald* (boxSIGN 4YW7PR68-13552WWW) |
| Corporation Counsel of the City of New York | Dov Seewald, Esq. |
| *Attorney for Plaintiff City of New York* | TVC Law Group |
| 100 Church Street, 20th Floor | 569 Church Ave |
| New York, New York 10007 | Woodmere, NY 11598 |
| (212) 356-2032 | dov@tvclawgroup.com |
| | (203) 252-0668 |
| By: *[signature]* | |
| Eric Proshansky | Erik Dykema, Esq. |
| Aatif Iqbal | Serge Krimnus, Esq. |
| Alexandra Jung | Bochner PLLC |
| Elizabeth Slater | 1040 Avenue of the Americas, 15th Floor |
| | New York, NY 10018 |
| Assistant Corporation Counsels | erik@bochner.law |
| | serge@bochner.law |
| | (646) 971-0685 |

*Counsel for Defendants Price Point Distributors, Inc. d/b/a Price Point NY d/b/a pricepointny.com, Weis Khwaja, and Hamza Jalili*